UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| A., by his Parent & Next Friend, Mr. A. and Mr. A.,<br>    Plaintiffs,<br>v.<br><br>HARTFORD BOARD OF EDUCATION and NEW BRITAIN BOARD OF EDUCATION,<br><br>    Defendants. | 3:11-CV-1381 (CSH) |

### RULING ON MOTION TO AMEND COUNTERCLAIM AND SCHEDULING ORDER

HAIGHT, Senior District Judge:

The present consolidated action consists of the above-captioned action ("the First Action") and *New Britain Board of Education v. J.A.*, No. 2:11-CV-1431 (the "Second Action"). Both actions arise out of challenges made by plaintiffs A. and Mr. A.[1] to the appropriateness of the educational programs offered to A., a student entitled to special education, by the Hartford Board of Education (the "Hartford Board"), which operates the magnet school that A. attended until recently, and by the New Britain Board of Education (the "New Britain Board"), the school board for A.'s home district. Specifically, this action[2] arises from the Final Decision and Order (No. 11-0154) issued by Hearing Officer Justino Rosado in the administrative matter *Student v. New Britain Board of Education* (the

---

[1] Although A. and Mr. A are defendants in the Second Action, they are referred to herein as "Plaintiffs," reflecting their status in the First Action.

[2] In this Ruling and Order, the term "this action" or "the present action" refers to the consolidated action, including both the First Action and the Second Action.

-1-

"Hearing Officer's Decision").[3] Plaintiffs seek money damages, an award for attorney's fees and costs incurred in the administrative proceeding, reversal of the Hearing Officer's Decision on one issue, and court orders directing the Boards to take certain actions with respect to A.'s education.

In the Second Action, the New Britain Board filed an administrative appeal against Plaintiffs. In their Answer to the Complaint in the Second Action (the "Answer") [Doc. 25], filed after the actions were consolidated, Plaintiffs included a Counterclaim seeking damages and court orders under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132 *et seq.*, and "§ 504," presumably meaning Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. As discussed more fully *infra*, the identity of the defendant(s) in the Counterclaim is unclear.

Plaintiffs filed the present Motion to Amend Counterclaim (the "Motion") [Doc. 33] seeking to add an additional count to the Counterclaim. They filed therewith a proposed new version of the Answer (the "Proposed Answer") [Doc. 33-2], which differs from the previous Answer only in the replacement of the Counterclaim with the Amended Counterclaim. The new claim, Count 2 of the Amended Counterclaim, seeks damages and court orders under three additional federal statutes. As with Count 1, Count 2 is unclear about the identity of the defendant(s). According to Plaintiffs, the purpose of the amendment is to seek a remedy for the alleged failure of the Boards to implement the Hearing Officer's Decision. Memorandum in Support of Motion to Amend Counterclaim ("Pl. Memo.") [Doc. 33-1] at 2.

The Hartford Board filed an Objection to the Motion (the "Objection") [Doc. 34]. The New Britain Board has not objected or otherwise responded to it.

---

[3] A copy of the Hearing Officer's Decision constitutes Exhibit A to the Second Amended Complaint [Doc. 19-1].

While Plaintiffs titled their filing a "Motion to Amend Counterclaim," it is really an amendment as of right. Both the Motion itself and Plaintiffs' briefs make it absolutely clear that they consider their filing to be an amendment as of right. Motion at 3-4; Pl. Memo. at 3-4; Reply to Hartford Board of Education's Objection to Plaintiffs' Motion to Amend Counterclaim (the "Reply") [Doc. 37] at 1-3. The decision to file it as a "motion" was very likely a gesture of politeness and deference to the Court. The amendment was timely: a party may amend a pleading as of right, though only once, if it files the amendment no later than twenty-one days after the service of a responsive pleading or a Rule 12 motion. Fed. R. Civ. P. 15(a)(1)(B). Neither Board has filed a pleading or motion responsive to the Counterclaim.

Because Plaintiffs so clearly established that the Motion is actually an amendment of right, it would be unreasonable to deprive them of their right to amend their pleading simply because they labeled the filing a "motion." In fact, under the caselaw in this circuit, it is not clear that it would be proper to take the filing as a motion for leave to amend even if Plaintiffs had not made it so clear that it is an amendment as of right. In one case, the Second Circuit held that it was "error" for a district court to reject a motion for leave to amend filed by a plaintiff who was entitled to file an amended pleading as a matter of right, though it found that the error was "harmless" and affirmed. *Gosain v. State Bank of India*, 414 Fed. Appx. 311, 315 (2d Cir. 2011). In another case, the Second Circuit affirmed a district court's decision to treat a filing as a motion for leave to amend though the filer could have amended as of right. *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). In *Johnson*, however, the filing was clearly defined as a motion for leave to amend throughout, leaving the district court no means of "divining," as the circuit court put it, that the filer intended it to be an amendment as of right. *Id.* at 125-26.

At the very least, the Court has discretion to treat the Motion as an amendment as of right. *See Grace v. Plank*, No. 3:07-CV-738, 2007 WL 4224221, at *5 (D.Conn. Nov. 27, 2007) (granting motion for leave to amend the complaint because the plaintiff was entitled to amend his complaint as of right). Even in *Johnson* the Second Circuit treated the district court's decision on that issue as a matter "within the court's discretion." *Johnson* at 125.

A party ought not to be denied its opportunity to amend as of right simply because of the label on the filing, when the party makes it absolutely clear that an amendment as of right was intended. Therefore, the Court treats the Motion as an amendment as of right.

The Hartford Board makes two objections to this amendment. The simpler objection is that Plaintiffs "clearly stated in the Rule 26(f) statement, which was approved by the Court, that no amended pleadings would occur." Objection at 1. That is not correct. The relevant sentence in the Rule 26(f) Statement says that "[t]he Parties do not *anticipate* that the Complaints will be amended or that additional parties will be joined." Report of Parties' Planning Meeting [Doc. 27], at 7 (emphasis added). No promise was made.

The second objection is that Count 2 would be futile as to the Hartford Board because it fails to state a claim on which relief can be granted against the Hartford Board. Objection at 1. In this case, the objection applies only to the extent that Count 2 is directed to the Hartford Board. Thus, the amendment of Plaintiffs' claim against the New Britain Board was certainly proper, and the New Britain Board has not objected to it.

The question of whether the Counterclaim may be amended as it applies to the Hartford Board is complicated by the fact that Plaintiffs have not established whether the Counterclaim is brought against the Hartford Board in the first place. If not, the Hartford Board's second objection

is moot. The Counterclaim was filed five days after the two actions were consolidated, so the Hartford Board was a possible defendant at that time. But as the Counterclaim is worded, it is impossible to say for certain if it is brought against both Boards, or only the New Britain Board.

In both the original and amended versions of the Counterclaim, the heading of the first count reads "Count 1: Liability of the Board for Violating the ADA and § 504" (underlining and bolding omitted). Answer at 14; Proposed Answer at 19. Plaintiffs never explicitly define the term "the Board," but in the previous paragraph that term clearly denotes the New Britain Board. The second paragraph of the Counterclaim supports the idea that the New Britain Board is the only defendant. It states that "[t]he Plaintiff Board of Education," which must mean the New Britain Board, the only Board that is a plaintiff in the Second Action, is a "public entity" under 28 C.F.R. § 35.104. It does not make an equivalent assertion about the Hartford Board. Answer at 15 ¶ 2. From that point forward, however, it makes allegations against both Boards. *Id.* at 16-17 ¶¶ 7-11. The request for relief does not identify the party against which Plaintiffs seek damages, but it seeks court orders directed to both Boards. *Id.* at 17.

The identity of the defendant(s) in the new count in the Amended Counterclaim is equally unclear. The count is labeled "Count II: Liability of the New Britain Board of Education for Failing to Implement the Final Decision and Order of the Hearing Officer." Proposed Answer at 22. That appears to establish that the New Britain Board is the sole defendant. The new count makes allegations about "the Defendant Board," in the singular. *Id.* at 19 ¶ 3. However, it proceeds to allege that both Boards failed to implement the Hearing Officer's decision, Proposed Answer at 23-25 ¶¶ 7-11, and its request for relief asks for court orders against both Boards. *Id.* at 25-26.

In the Reply, Plaintiffs assert that the Counterclaim is brought against both Boards. Reply

at 2.  A brief, however, is not a pleading.  It is unreasonable to expect the Hartford Board to defend itself against a claim when the pleading does not plainly identify it as a defendant. Plaintiffs must file a new version of the Answer that identifies the defendant(s) clearly, a requirement that is discussed further *infra*.

If Count 2 *is* brought against the Hartford Board, that Board argues that it is futile.  Objection at 6-8.   When a motion for leave to amend is filed under Rule 15(a)(2), the court may deny the amendment on the grounds that it would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, however, we have a different question: whether futility analysis is appropriate when an amendment is filed as of right under Rule 15(a)(1).

The Second Circuit has not ruled consistently on that question.  On the one hand, in *Gosain* it held that it was "error" for a district court to reject a motion for leave to amend on grounds of futility when the plaintiff still had the right to file an amended pleading as a matter of right.  *Gosain v. State Bank of India*, 414 Fed. Appx. 311, 315 (2d Cir. 2011).  Although, as noted above, the court stated that this error was "harmless" and affirmed on that issue, the implication is that an amendment as of right is not subject to futility analysis.

On the other hand, in *Johnson* the Second Circuit upheld a district court's decision to deny a motion to amend on grounds of futility, where the plaintiff was entitled to amend as of right, as within its discretion.  *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). However, the court noted that the plaintiff had not asserted his entitlement to amend as of right, but instead had advanced arguments that implied that he considered his filing to be a motion for leave to amend.  *Id.* at 124-25.  The *Johnson* court did not establish whether the district court would have been justified in engaging in futility analysis if the plaintiff had made it clear that the filing was an

amendment as of right, as in the present case.[4]

The district courts within this circuit have likewise ruled inconsistently on this subject. Some courts have held that the right to amend a pleading once as of right is "absolute." *Gaming Mktg. Solutions, Inc. v. Cross*, 528 F.Supp.2d 403, 406 (S.D.N.Y. 2007); *Frawley v. Gen. Elec. Co.*, No. 06 Civ. 15395, 2007 WL 656857, at *2 (S.D.N.Y. Mar. 1, 2007). However, one court denied amendment as of right on grounds of futility even though the plaintiffs had made it clear that they were filing an amendment as of right. *Mikhlin v. HSBC*, No. 08-CV1302, 2009 WL 485667, at *9 (E.D.N.Y. Feb. 26, 2009).

Even if futility analysis is appropriate here, the Hartford Board's objection could not support a finding that the amendment would be futile. Its futility argument relies heavily on factual findings, which the Court could not consider at this point even if it were deciding a motion for leave to amend. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). In deciding a Rule 12(b)(6) motion, a court accepts all factual allegations in the pleading as true and draws all reasonable inferences in favor of the pleader. *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). Thus, the Court cannot consider facts outside the pleadings in considering the futility of an amendment. "It would . . . be improper for the Court to consider facts beyond the scope of the pleading" on a motion for leave to amend. *Polycast*

---

[4] The Seventh Circuit stated, in dictum, that a court may conduct futility analysis against an amendment as of right. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 n. 4 (7th Cir. 1998). *Duda* suggests that futility analysis would be permissible in the Seventh Circuit even if the filing was clearly defined by the filer as an amendment as of right, but in that case it was apparently not so defined, and the court ultimately reversed the district court's decision not to accept the amended pleading.

*Tech. Corp. v. Uniroyal, Inc.*, 728 F.Supp. 926, 943 n. 2 (S.D.N.Y. 1989).

The Hartford Board's argument is based on a series of assertions about matters of fact that are outside the pleadings. It asserts, for example, that the Connecticut State Department of Education (CSDE) did not make any finding that the Hartford Board was not out of compliance for failing to provide the required services. Objection at 7. The Amended Counterclaim alleges the reverse. Proposed Answer at 21 ¶ 10. The Hartford Board appears to cite, for this and other factual assertions, exhibits filed by Plaintiffs along with the present Motion, though they do not identify explicitly the document to which the referenced exhibits are attached. Even if the Court could consider facts contained in exhibits to the Motion, the Hartford Board has supplied no reason for the Court to assume that the cited exhibits represent a complete factual record on each point. The Court cannot conclude that the CSDE has never found that the Hartford Board is out of compliance with the Hearing Officer's orders simply because the CSDE did not make such a finding in a particular document.

The Hartford Board also calls on the Court to rely on the factual assertion that "[t]he only order from the hearing officer relative to the HBOE was that it was to share equally in the cost of providing 180 hours of speech and language services to the Student." Objection at 7. Assuming, for the sake of argument only, that the Court may consider the Hearing Officer's Decision at this time, not only does that Decision not establish that proposition, but it directly contradicts it. For example, it states that the Hartford Board (there called the "Magnet School"), along with the New Britain Board, must provide A. with "transportation to and from the speech and language pathologist they have chosen." Hearing Officer's Decision at 20.

Clearly, Plaintiffs' amendment cannot be rejected on grounds of futility, whether because

-8-

futility analysis is not appropriate or because the futility argument is meritless on its face. However, the Court's rejection of the futility argument raised in the Objection does not constitute a ruling or commentary on any motion to dismiss that the Boards may later file under Rule 12(b)(6), except to the extent that such a motion makes the same argument rejected here.

That leaves, however, the real problem: the Counterclaim and Amended Counterclaim do not establish whether the Hartford Board is a counterclaim defendant. That problem must be corrected. The Court orders Plaintiffs to file, no later than September 27, 2012, an Amended Answer which establishes clearly the identity of the defendant or defendants in both counts in the Amended Counterclaim. Such a filing need not take the form of a Motion, but may be filed as an Answer.

At this stage of the proceedings, however, it would not serve judicial economy to reopen the Answer to new pleading in general. "[A]mendment of a pleading as a matter of course pursuant to Rule 15(a) is subject to the district court's discretion to limit the time for amendment of the pleadings in a scheduling order issued under Rule 16(b)." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007). The Court now exercises that discretion to establish that, as of the date of this Ruling and Order, the time for amendment as a matter of course of Plaintiffs' Answer has ended. Consequently, if Plaintiffs seek to include in the Amended Answer any changes to the Proposed Answer *other* than those necessary to comply with this Ruling and Order, they must file a motion for leave to do so.

Under Rule 15(a)(2), the Boards will have fourteen days from the date of service of the Amended Answer to file responsive pleadings. Nothing in this Ruling and Order deprives them of their right to file motions to dismiss under Rule 12(b)(6).

The Court's order requiring Plaintiffs to file an Amended Answer renders the present Motion

moot. Therefore, the Motion to Amend Counterclaim [Doc. 33] is DENIED AS MOOT in light of the foregoing order.


SO ORDERED.
Dated: New Haven, Connecticut
September 6, 2012

                                                         */s/ Charles S. Haight, Jr.*
                                                         Charles S. Haight, Jr.
                                                         Senior United States District Judge