UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| A., BY HIS PARENT & NEXT FRIEND, MR. A., AND MR. A.,<br><br>        Plaintiffs,<br>  v.<br><br>HARTFORD BOARD OF EDUCATION, and NEW BRITAIN BOARD OF EDUCATION<br><br>        Defendants. | 3:11-CV-01381 (CSH) |

**RULING ON DEFENDANT NEW BRITAIN BOARD OF EDUCATION'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

I.    INTRODUCTION AND FACTUAL SUMMARY

Plaintiff A. ("Student") is a special education student who lives with his Plaintiff Parent ("Parent"), Mr. A., in New Britain, Connecticut. (Together, hereafter, "Plaintiffs.") At all times relevant to this lawsuit, Student was identified as being in need of special education and related services under the Individuals with Disabilities Education Improvement Act (hereafter "IDEA") under the disability category of autism. Until sometime shortly after this lawsuit was filed – i.e., on September 2, 2011 -- Student was enrolled at Classical Magnet School (hereafter "Magnet School") which is situated outside of Student's home education district (i.e., New Britain, under the oversight of Defendant New Britain Board of Education) and which is instead run and overseen by Defendant Hartford Board of Education. (Hereafter New Britain Board of Education and Hartford Board of Education will collectively be referred to as "Defendants.") The parties

agree that Defendants New Britain Board of Education and the Hartford Board of Education were jointly responsible for providing a free appropriate public education (hereafter "FAPE") to Student during the time that he lived in New Britain and attended Magnet School in Hartford.

On or around October 7, 2010, Plaintiffs requested an administrative hearing from the Connecticut Department of Education to challenge what they considered to be the failure of Defendants to provide a FAPE to Student. The parties initially agreed to go to mediation in place of a resolution meeting; however, a November 2010 mediation was unsuccessful, and so the matter proceeded to an administrative hearing. Following a 13-day administrative hearing in which this matter was heard as a contested case pursuant to Conn. Gen. Stat. § 10-76 and related regulations, 20 U.S.C. § 1415(f) and related regulations, and in accordance with the Uniform Administrative Procedure Act, the Administrative Hearing Officer issued a Final Decision and Order on August 2, 2011. Among other findings, the Administrative Hearing Officer found partially in favor of the Plaintiffs based on the Defendants' failure to provide a FAPE for Student for the 2009-2010 and 2010-2011 school years, stating that "the program provided by the [New Britain Board of Education] and the Magnet School [run by the Hartford Board of Education] … was not appropriate," and, moreover, that the "Magnet School and the [New Britain] Board [of Education] violated the Parent's [IDEA] procedural rights relating to the 2010-2011 school year in several respects." *See, e.g.,* [Doc. 1] Ex. A at 18.

By way of remedial relief, the Administrative Hearing Officer ordered Defendant New Britain Board of Education to pay for the Independent Educational Evaluation that had been performed upon Plaintiff Student to the extent that Plaintiff Parent had incurred out-of-pocket expenses. Among other findings, the Administrative Hearing Officer found that Student was

entitled to 90 school days of compensatory education in the form of after school speech and language therapy with a private speech and language pathologist chosen by the New Britain Board of Education and the Magnet School for two hours each school day, or 180 hours and that the "cost shall be divided equally by the [New Britain Board of Education] and the Magnet School." *Id.* at 20.  However, the Administrative Hearing Officer also found that there was insufficient evidence to show that Student would benefit from an in-home program coordinated by a Board Certified Behavioral Analyst. *Id.* at 19.

Plaintiffs initiated this action on September 2, 2011, seeking an award from this Court of attorneys' fees and costs for work performed during the administrative hearing process. [Doc. 1]. Two months later, this action was consolidated with another action brought before the Court by New Britain Board of Education against Plaintiffs, as a limited appeal of the Administrative Hearing Officer's ruling. [Doc. 23].  Plaintiffs have twice amended their complaint since first filing this lawsuit.

The subject of Defendant New Britain Board of Educations's Motion to Dismiss, which is currently before this Court, [Doc. 87], is Plaintiffs' Second Amended Complaint, [Doc. 19], filed on Friday, September 23, 2011 after Plaintiffs moved the Court for permission to file the pleading on Thursday, September 15, 2011 [Doc. 16] and received the Court's approval for such filing on Wednesday, September 21, 2011 [Doc. 18].  In this Second Amended Complaint, Plaintiffs averred (as they had in their initial Complaint) that as a result of the Administrative Hearing Officer's Decision and Order, Plaintiffs had become prevailing parties in a due process hearing and, as such were entitled to an award of costs and attorneys' fees, as well as additional fees and costs incurred in connection with their lawsuit, from Defendants pursuant to 20 U.S.C. §

1415(i)(3). In a second count not raised in prior pleadings, Plaintiffs also contested the Administrative Hearing Officer's decision that there was insufficient evidence to show that Student would benefit from an in-home program coordinated by a Board Certified Behavioral Analyst, claiming that this finding was neither reasonably nor rationally supported by the record. Plaintiffs consequently asked in their Second Amended Complaint that the Court reverse the Administrative Hearing Officer's decision specifically in this regard, and order Defendants to provide an in-home program in consultation with the independent consultant as part of a FAPE to Student.

Defendant New Britain Board of Education now moves the Court "to dismiss the second count of the [P]laintiffs' September 23, 2011 Second Amended Complaint ... on the ground that the [P]laintiffs seek therewith to appeal" outside the "45-day time period set forth in Section 4-183(c)(1) of the Connecticut General Statutes." Plaintiffs filed a Memorandum in Opposition to Defendant New Britain Board of Education's Motion to Dismiss [Doc. 96] on January 4, 2013. The time in which Defendant New Britain Board of Education could have filed a Reply brief to Plaintiffs' opposition has now elapsed. *See* [Doc. 98] (Order directing all parties to file by Thursday, February 28, 2013 any briefs that would have been filed but for a previously ordered stay of filing deadlines). The Court now rules on Defendant New Britain Board of Education's Motion to Dismiss, which is based upon an asserted lack of subject matter jurisdiction.

## II.   LEGAL STANDARDS AND DISCUSSION

A motion to dismiss for lack of subject matter jurisdiction is governed by Fed. R. Civ. P. 12(b)(1), under which a case is properly dismissed "when the court lacks the statutory or constitutional power to adjudicate the case." *Nowak v. Ironworkers Local 6 Pension Fund*, 81

F.3d 1182, 1187 (2d Cir. 1996).  Both the moving and non-moving parties "may use affidavits and other materials beyond the pleadings themselves in support or in opposition to a challenge to subject matter jurisdiction" and the "district court also may inquire, by affidavits or otherwise, into the facts as they exist."  *Tuccio Development, Inc. v. Town of Ridgefield*, No. 3:06-CV-01821, 2008 WL 749855 at *1 (D. Conn. March 19, 2008) (quoting *Matos v. United States Dept. of Housing & Urban Development*, 995 F. Supp. 48, 49 (D. Conn. 1997) and *Land v. Dollar*, 330 U.S. 731, 735 (1947) (internal quotation marks omitted)).

    Defendant New Britain Board of Education avers in its Motion to Dismiss that Plaintiffs' Second Amended Complaint was filed after the applicable statute of limitations had run.  Under the IDEA, any "party aggrieved by the findings and decision of" an administrative hearing officer "has the right to bring a civil action with respect to the due process complaint."  34 C.F.R. § 300.516(a).  A party is generally deemed to have "90 days from the date of the decision" in which to appeal unless the state in which the appeal is being made "has an explicit time limitation for bringing civil actions ... in the time allowed by that State law."  34 C.F.R. § 300.516(b).  However, Connecticut is one of those states whose laws do contain an explicit time limitation in which parties may appeal decisions rendered in administrative due process hearings; under Conn. Gen. Stat. § 10-76h(d)(4), "[a]ppeals from the decision of the hearing officer or board shall be taken in the manner set forth in section 4-183," which for these purposes is to say that within 45 days after the mailing or personal delivery of the administrative hearing officer's final decision, a person appealing must any appeal thereto.  Conn. Gen. Stat. § 10-76h(d)(4) and  Conn. Gen. Stat. § 4-183(c)(1).

Applying the aforementioned 45-day statute of limitations period to the case at bar (the applicability of which Plaintiffs contest in part), Defendant New Britain Board of Education claims in its Motion to Dismiss that the second count of Plaintiffs' Second Amended Complaint, which involves administrative appeal claims which Defendant New Britain Board of Education asserts "are not interchangeable" with Plaintiffs' prior claims "for prevailing legal fees and costs," ought to be dismissed by the Court.

The Court declines to do so.  Even assuming that Plaintiffs received notice of the Administrative Hearing Officer's decision on the day on which it was issued – i.e., August 2, 2011 – and even assuming both that Connecticut's 45-day statute of limitations is applicable and that the claims contained in the second count of Plaintiffs' Second Amended Complaint are not interchangeable or otherwise sufficiently related to the first count in order for them to merit subject matter jurisdiction after the passing of the applicable statute of limitations, the Court would *nonetheless* possess subject matter jurisdiction over the entirety of Plaintiffs' Second Amended Complaint.

The reason for this is simple: Plaintiffs filed their second Motion to Amend their Complaint [Doc. 16] on Thursday, September 15, 2011 – *44* days after August 2, 2011, the day on which the Administrative Hearing Officer's decision had been issued, and therefore *within* even the strictest of the possible applicable time periods as set forth under Conn. Gen. Stat. § 10-76h(d)(4) and  Conn. Gen. Stat. § 4-183(c)(1).  Under Fed. R. Civ. P. 15(a)(2), a party "may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiffs sought leave of the Court by the motion filed on September 15, 2011; they could not file the actual Second Amended Complaint until receiving the Court's leave.

Plaintiffs had no control over when the Court would approve their September 15, 2011 Motion to Amend, after which they were entitled to formally file their Second Amended Complaint, and therefore Plaintiffs ought not to be held responsible for the fact that such approval was not forthcoming until September 21, 2011, or 5 days *after* a 45-day statute of limitations window had closed.

      The law in this Circuit has long been that certain pleadings, namely complaints pursuant to which *in forma pauperis* relief is granted, ought to be "treated as timely, provided [that they were] received by the clerk's office prior to the expiration of the statute of limitations period." *Toliver v. County of Sullivan*, 841 F.2d 41, 42 (2d Cir. 1988); *see also, e.g., Lunardini v. Massachusetts Mutual Life Insurance Co.*, 696 F.Supp. 2d 149, 158-59 (D. Conn. 2010) (citing and holding same); *Torres v. Postmaster General et al.*, 2006 WL 1525981 at *2n.2 (D. Conn. May 26, 2006) (citing and holding same); *Rosenberg v. Martin*, 478 F.2d 520, 523n.1a (2d Cir. 1973) (stating that an action must be treated as commenced on the date on which the clerk of the court receives the complaint). The Court sees no reason not to extend this logic to questions posed by the Motion to Dismiss that is now before it; Plaintiffs filed their second Motion to Amend their Complaint within even the strictest possible applicable statute of limitations, and therefore the Court holds that for purposes of subject matter jurisdiction, their Second Amended Complaint was timely filed. Accordingly the Court need not and does not address or adjudicate any other issues of law raised by Defendant New Britain Board of Education's Motion to Dismiss or Plaintiffs' opposition motion and brief, and this ruling renders them moot.

### III.     CONCLUSION

Defendant New Britain Board of Education's Motion to Dismiss [87] the second count of Plaintiffs' Second Amended Complaint [19] is therefore DENIED in its entirety.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
           April 16, 2013

/s/*Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge