# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| A., BY HIS PARENT & NEXT FRIEND, MR. A., AND MR. A., <br><br>                    Plaintiffs, <br>    v. <br><br> HARTFORD BOARD OF EDUCATION and NEW BRITAIN BOARD OF EDUCATION, <br><br>                    Defendants. | 3:11-CV-01381 (CSH) |

| | |
|---|---|
| NEW BRITAIN BOARD OF EDUCATION, <br><br>                    Plaintiff, <br>    v. <br><br> J.A., A STUDENT, AND MR. A., PARENT AND NEXT FRIEND OF J.A., <br><br>                    Defendants. | 3:11-CV-01431 (CSH) |

### RULING AND ORDER ON PLAINTIFFS' SECOND MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD

HAIGHT, Senior District Judge:

On February 18, 2014, Plaintiffs filed a Second Motion to Supplement the Administrative Record [Doc. 118].  The exhibits Plaintiffs now seek to add to the record, which are filed at [Doc. 121], [Doc. 121-1], and [Doc. 121-2], were obtained from Defendant Hartford Board of Education in the course of discovery which was conducted pursuant to this Court's October 8, 2013 Order, [Doc. 104].  They have been sealed by order of this Court. *See* [Doc. 122].

1

Plaintiffs assert that these documents demonstrate elements of the claims they make in their

Answer and Amended Counterclaims, specifically that "Defendants New Britain Board of

Education ... and Hartford Board of Education ... [failed] to implement the Final Decision and

Order of the Hearing Officer." [Doc. 118-1] at 1.  In addition, "Plaintiffs represent that the

proposed documents were prepared *after* the August 2, 2011 hearing." *Id.* (emphasis added).

As Plaintiffs note, "[t]his Court has previously held that it is appropriate to supplement

the record with documents that are relevant to the Plaintiffs' claims that the Defendants failed to

implement the Hearing Officer's Order." *Id.* at 4.  Indeed, in its October 8, 2013 Order, this

Court stated:

> As Plaintiffs note, while there is a body of caselaw concerning when and under what
> conditions parties may introduce supplemental evidence in cases involving special
> education statutes and the implementation of IEPs, much of it is concerned with the
> question of whether such evidence may be used by a court either to consider a child's
> current status in his or her current education placement or to consider retrospectively a
> child's performance in evaluating the appropriateness of his or her IEP, particular
> educational institution, or, more generally, the actions of specific parties or boards of
> education.  *See, e.g., Doe v. East Lyme Board of Education*, No. 3:11-CV-00291, 2012
> WL 1252695 at *4-6 (D.Conn. April 12, 2012) (containing a thorough overview and
> discussion of recent caselaw on this topic).  Here, in contrast, Plaintiffs do not seek to
> introduce [the exhibits in question] in order to demonstrate the current or retrospective
> effectiveness or ineffectiveness of any particular IEP or course of action, or the impact of
> such IEP or course of action upon [the student Plaintiff's] performance, health, or
> anything else.  Rather, Plaintiffs seek to introduce these supplemental exhibits to attempt
> to demonstrate that Defendants have acted in ways subsequent to the due process
> administrative hearing that have interfered with the implementation of Plaintiffs' exerting
> and realizing their rights under assorted federal laws.  This evidence is directly relevant to
> Plaintiffs' Amended Answer and Counterclaims.

[Doc. 104] at 7-8.

For the same reasoning articulated in the Court's October 8, 2013 Order, the Court,

having examined the exhibits filed by Plaintiffs under seal at [Doc. 121], [Doc. 121-1], and [Doc.

121-2], finds that such exhibits contain evidence relevant to Defendants' alleged failure to implement the Hearing Officer's Order, and, accordingly, concludes that this is an instance in which the Court should and shall exercise its discretion to supplement the record.  *See, A.S. v. Trumbull Board of Education*, 359 F.Supp. 2d 102, 104 (D.Conn. 2005) (noting that a court may "exercise its discretion to supplement the record.").  The Court notes that no objection has been made to Plaintiffs' Second Motion to Supplement the Administrative Record and, furthermore, the Court does not see how admitting these exhibits into the record would unfairly prejudice any party.

The Court therefore GRANTS Plaintiffs' Second Motion for Leave to File Supplements to the Administrative Record [Doc. 118], and admits into evidence all supplemental exhibits offered by Plaintiffs at [Doc. 121], [Doc. 121-1], and [Doc. 121-2].

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
        March 21, 2014

                                        */s/Charles S. Haight, Jr.*
                                        Charles S. Haight, Jr.
                                        Senior United States District Judge

3