UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| A., by his Parent and Next Friend Mr. A., and MR. A., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 3:11-CV-01381-GWC ) |
| HARTFORD BOARD OF EDUCATION and NEW BRITAIN BOARD OF EDUCATION, | ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER RE: MOTION FOR POST-JUDGMENT INTEREST**
(Docs. 275, 276)

In this case brought under the Individuals with Disabilities Education Act ("IDEA"), the court on July 19, 2016 ruled on the parties' cross-motions motions for summary judgment, granting and denying each motion in part. (Doc. 237.) The court affirmed the Connecticut Department of Education's August 2, 2011 Final Decision and Order (Doc. 19-1) in all respects except for the portion of that decision that denied an in-home program. (Doc. 237 at 67.) The court also held that the Hartford Board of Education (HBOE) and the New Britain Board of Education (NBBOE) are entitled to summary judgment on Plaintiffs' ADA, § 504, and § 1983 claims. (*Id.*) The court further concluded that, although Plaintiffs were not successful on all claims before the Connecticut Department of Education, they did obtain sufficient favorable determinations to qualify as "prevailing parties." (*Id.* at 64.) The court accordingly held that Plaintiffs were entitled to recover reasonable attorneys' fees "in an amount to be determined after the filing of supplemental briefs." (*Id.* at 67.)

In an Opinion and Order dated January 17, 2017—after considering supplemental briefing from the parties—the court granted Plaintiffs attorneys' fees and costs in the total

amount of $314,291.12, with HBOE and NBBOE each liable for half of that sum. (Doc. 264 at 25.) At the court's request, the parties filed proposed orders of judgment. (Docs. 267, 268, 269-1.) In their proposed order of judgment, Plaintiffs requested post-judgment interest under 28 U.S.C. § 1961. (Doc. 269-1 at 5.) HBOE and NBBOE opposed post-judgment interest on the grounds that no judgment had yet been entered. (Docs. 272, 273.) After reviewing those filings, the court issued a Judgment on March 7, 2017. (Doc. 274.) The Judgment does not include any award for post-judgment interest.

Plaintiffs now move under Fed. R. Civ. P. 59(e) to alter or amend the Judgment to either: (1) compel Defendants to pay post-judgment interest on the court-awarded attorneys' fees and costs from July 19, 2016 to the date of payment, or (2) compel Defendants to pay prejudgment interest on the court's fee award at the annual rate of 4% from July 19, 2016 to March 7, 2017, plus post-judgment interest under 28 U.S.C. § 1961 from March 7, 2017 to the date of payment. (Doc. 275.) Plaintiffs have also moved for a supplemental award of attorneys' fees for counsel's work on the Rule 59(e) motion and the motion for a supplemental award itself. (Doc. 276.) HBOE and NBBOE oppose both motions. (Docs. 277, 278, 279.)

I. **Rule 59(e) Standard**

Federal Rule of Civil Procedure 59(e) authorizes courts to "alter or amend a judgment." A Rule 59(e) motion may be filed to seek reconsideration. *Ass'n for Retarded Citizens of Conn., Inc. v. Thorne*, 68 F.3d 547, 553 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

2

## II. Post-Judgment Interest

Plaintiffs assert that the Judgment should be altered or amended to prevent manifest injustice, arguing that post-judgment interest is mandatory under 28 U.S.C. § 1961, and that under the "majority rule" concerning the application of § 1961, the obligation to pay such interest runs from the date of the court's July 19, 2016 Opinion and Order. Defendants argue that the Judgment is in accord with § 1961 because that statute concerns interest calculated from the date the judgment is entered, which they say is the date of the March 7, 2017 Judgment. (Doc. 277 at 3; Doc. 278 at 3.)

Section 1961 provides in pertinent part that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and that "[s]uch interest shall be calculated from the date of the entry of the judgment." 28 U.S.C. § 1961(a). Thus, under § 1961, "[t]he award of post-judgment interest is mandatory on awards in civil cases *as of the date judgment is entered*." *Tru-Art Sign Co. v. Local 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017) (emphasis added) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)). The court has no power to select any date other than the "date of the entry of the judgment" to trigger the running of interest. *Andrulonis v. United States*, 26 F.3d 1224, 1233 (2d Cir. 1994). The parties dispute when the "judgment" was entered. Plaintiffs say that interest runs from the date of the "judgment" establishing the right to the award of attorneys' fees. HBOE and NBBOE maintain that the "judgment" is the separate document entered on March 7, 2017.

In many cases, a motion for attorneys' fees is brought *after* entry of judgment. Fed. R. Civ. P. 54(d)(2). In such cases, where attorneys' fees are authorized, the amount of attorneys' fees is not fixed until the motion is ruled on—sometime after the judgment is entered. The rule in *Albahary v. City and Town of Bristol, Connecticut*, 96 F. Supp. 2d 121 (D. Conn. 2000),

3

concerns such situations: in which there is a period of time between decisions establishing the right to the award of attorneys' fees and decisions establishing its amount. As the court recognized in that case, § 1961 clearly sets the measuring point for calculating post-judgment interest as the "entry of judgment," but it remains "an open question in the Second Circuit whether interest runs from the date of the judgment establishing the right to the award of attorneys fees or from the date of the judgment establishing its quantum." *Id.* at 123. The court in *Albahary* adopted what it found to be the "majority" approach, ruling that post-judgment interest runs from the date of the judgment establishing the right to the award of attorneys' fees.[1]

But for *Albahary* to apply, the decision establishing the right to an award of attorneys' fees and the decision establishing the amount of the fees must be *judgments*. That was the situation in *Albahary*. In that case brought under the Resources Conservation and Recovery Act, the court issued two documents on September 29, 1998: a memorandum of decision concluding that the defendant was liable for plaintiffs' attorneys' fees and costs, and a separate judgment that, because of a clerical error, was silent as to attorneys' fees. *Albahary*, 96 F. Supp. 2d at 122. Following the majority rule, the *Albahary* court concluded that the plaintiffs were entitled to post-judgment interest under § 1961 calculated from September 29, 1998 until payment was received. *Id.* at 124.

That is not the case here. This case *began* with Plaintiffs' request for an award of attorneys' fees and costs for work performed in the underlying due process hearing. (*See* Doc. 1.) The case has proceeded toward a judgment that would resolve (among other

---

[1] Seventeen years after *Albahary*, the Second Circuit has not weighed in on this issue, but "*Albahary* has been widely cited and applied across the Circuit and is now the dominant standard within the Second Circuit." *Hubbard v. Total Commc'ns, Inc.*, 623 F. Supp. 2d 270, 272 (D. Conn. 2009); *see also Crawford v. City of New London*, No. 3:11-cv-1371(JBA), 2015 WL 1125491, at *10 (D. Conn. Mar. 12, 2015) (adopting *Albahary* as the "majority rule").

4

things) the questions of entitlement to and amount of attorneys' fees. Here, the court did not enter a judgment at the time it issued the July 19, 2016 Opinion and Order. That was an interlocutory order only, as reflected by the fact that litigation continued to determine the amount of the fees to which the court had ruled that Plaintiffs were entitled. The January 17, 2017 Opinion and Order setting the award at $314,291.12 was also not a judgment, since the court in that order expressly directed the parties to submit a proposed order of judgment. (Doc. 264 at 25.) In this case, no "judgment" was entered until March 7, 2017.

That conclusion is consistent with the ordinary definition of a judgment as an "order from which an appeal lies." Fed. R. Civ. P. 54(a). Neither the July 19, 2016 decision nor the January 17, 2017 decision qualifies as a "judgment." The court's conclusion is also consistent with the outcome in *M.K. ex rel. K. v. Sergi*. In that IDEA case, as here, the court issued a decision on summary judgment finding that the plaintiffs were prevailing parties at due process hearings and were entitled to recover a reasonable attorneys' fee award in an amount to be determined after the filing of supplemental briefs. *M.K.*, 554 F. Supp. 2d 233, 249 (D. Conn. 2008). After receiving supplemental briefing, the court awarded a sum for costs and fees. *M.K.*, 578 F. Supp. 2d 425, 435 (D. Conn. 2008). The court then issued a judgment in the sum that it had awarded, but without any provision regarding post-judgment interest. *M.K.*, No. 3:96-cv-482-WIG (D. Conn. Sept. 30, 2008), ECF No. 330.

Many of the other cases upon which Plaintiffs rely are distinguishable for the same reason that *Albahary* is. The court in *Crawford v. City of New London*—an excessive force case—did not quantify the award of attorneys' fees on June 3, 2014, but it did issue a *judgment* on that date. No. 3:11-cv-1371(JBA), 2015 WL 1125491, at *10 (D. Conn. Mar. 12, 2015). *See also Nat. Organics, Inc. v. Nutraceutical Corp.*, No. 01 Civ. 0384(GBD)(RLE), 2009 WL

5

2424188, at *11–12 (S.D.N.Y. Aug. 6, 2009) (post-judgment interest accrued from date of *judgment* entered on September 6, 2006); *Hubbard v. Total Commc'ns*, 623 F. Supp. 2d 270, 271 (D. Conn. 2009) (*judgment* entered on December 4, 2007; post-judgment interest accrued from that date); *Forest Labs., Inc. v. Abbott Labs.*, No. 96-CV-159S, 2006 WL 7077571, at *4 (W.D.N.Y. May 17, 2006) (awarding post-judgment interest from "the date the Court entered judgment"); *Aiello v. Town of Brookhaven*, No. 94-CV-2622(FB)(WDW), 2005 WL 1397202, at *9 (E.D.N.Y. June 13, 2005) (date that plaintiffs became entitled to receive attorneys' fees and costs was "the date the Court entered judgment"). To the extent that Plaintiffs have cited cases awarding post-judgment interest from a time where the right to receive attorneys' fees was established but no judgment was entered, the court declines to follow those cases.

HBOE and NBBOE do not dispute that post-judgment interest is payable from the date of the March 7, 2017 Judgment. The court finds it unnecessary to amend the Judgment to reflect that fact. *See Moore-McCormack Lines, Inc. v. Amirault*, 202 F.2d 893, 895 (1st Cir. 1953) (post-judgment interest "upon the amount of a money judgment rendered by a federal court runs automatically, by the mandatory provision of 28 U.S.C. § 1961, even though the judgment itself . . . contains no specific award of such interest").

### III.   Prejudgment Interest

As an alternative to their request for post-judgment interest dating back to July 19, 2016, Plaintiffs request that the court amend the Judgment to require prejudgment interest from that date to March 7, 2017, and post-judgment interest from March 7, 2017 to the date of payment. The latter half of that request is superfluous: as stated above, post-judgment interest is due from March 7, 2017 until the date of payment by operation of § 1961 without the need to amend the Judgment.

Regarding prejudgment interest, Plaintiffs do not allege that any statute makes such interest mandatory in this IDEA case. Instead, they ask the court to exercise its discretion to award prejudgment interest as compensation for the delay in payment of the court-awarded fees. (*See* Doc. 275-1 at 7–9.) The court agrees that it has discretion to order prejudgment interest. In *Wickham Contracting Co. v. Local Union No. 3, International Brotherhood of Electrical Workers, AFL-CIO*, the Second Circuit observed that discretionary awards of prejudgment interest may be allowed "notwithstanding the statute's silence on the subject of interest, when the awards were fair, equitable and necessary to compensate the wronged party fully." 955 F.2d 831, 835 (2d Cir. 1992). And some courts have awarded prejudgment interest to parents and students who filed suit under the IDEA. *See Troy Sch. Dist. v. Janice*, No. 12-CV-15413, 2016 WL 1178260, at *3 (E.D. Mich. Mar. 28, 2016) (citing cases).

In this case, however, the court is not persuaded that a discretionary award of prejudgment interest is warranted. The court has already compensated Plaintiffs for the delay in payment of the court-awarded fees by applying Attorney Shaw's current hourly rate. (*See* Doc. 237 at 66; Doc. 264 at 5–6 & n.3.) An award of prejudgment interest dating back to July 19, 2016 would improperly overcompensate Plaintiffs. *See Wickham*, 955 F.2d at 834 ("Awards of prejudgment interest must not result in over-compensation of the plaintiff.").

## IV. Supplemental Attorneys' Fees

Asserting that counsel spent an additional 14.1 hours preparing the Motion for Post-Judgment Interest and Motion for Supplemental Attorney's Fees, Plaintiffs seek an additional $6,345 in attorneys' fees under 20 U.S.C. § 1415(i)(3)(B). (Doc. 276.) The court has discretion to award reasonable fees under § 1415(i)(3)(B). The court declines to award any additional fees in this case. Plaintiffs' Motion for Post-Judgment Interest is not meritorious, extended this

7

litigation unnecessarily even after the court's observation that it had been over-litigated and over-briefed, and Plaintiffs have already received ample compensation in this case.

## Conclusion

Plaintiffs' Motion for Post-Judgment Interest (Doc. 275) is DENIED.

Plaintiffs' Motion for Supplemental Award of Attorney's Fees (Doc. 276) is DENIED.

Dated this 11 day of May, 2017.

/S/ Geoffrey W. Crawford
Geoffrey W. Crawford, Judge
United States District Court